UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEROY BERRY,

       Plaintiff,                                 CASE NO.: 6:15-CV-145-CEM-GJK

v.

JAMIE McGOWAN, AND WAYNE IVEY,
SHERIFF OF BREVARD COUNTY,
FLORIDA,

       Defendants.

_____/

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

This Amended Complaint is being filed pursuant to an Order of this Court dated

December 15, 2015 permitting the filing of an amended complaint.

**JURISDICTION**

1.   This action was timely filed in the Circuit Court of Brevard County, Florida on

June 13, 2014, entitled *Leroy Berry v. James McGowan, Jack Parker, Sheriff of Brevard County,*

*Florida, and The Board of County Commissioners of Broward County, Florida,* Case No.: 05-

2014-CA-030879.

2.   Jack Parker was named a defendant in the initial complaint because he was the Sheriff

of Brevard County, Florida on December 20, 2010 when the Defendant, Jamie McGowan was

serving as a deputy of Sheriff Jack Parker.

3.   The Plaintiff did not become aware of the fact Defendant Wayne Ivey became the

Sheriff of Brevard County, Florida until after the initial complaint was filed.

4.   This Court directed the Clerk to substitute Wayne Ivey for Defendant, Jack Parker in

this case on December 15, 2015 pursuant to Federal Rules of Civil Procedure 25(d).   Exhibit A,

Order dated December 15, 2015.

5.   The Plaintiff has made the aforementioned alteration pursuant to said order.
Exhibit A.

## FACTS COMMON TO ALL COUNTS

6.   On December 22, 2010 the Plaintiff, Leroy Berry, stopped his vehicle when he came
upon his niece who was standing in Gray Lane in Mims, Brevard County, Florida.   The Plaintiff
held his niece to prevent her from having any physical contact with two African American
women who were taunting her.

7.   A cousin of the Plaintiff, Melvena Espinosa, called 911 and requested a law
enforcement officer to be sent to Gray Lane to maintain control over a potential physical conflict
between the women who were having a dispute.   Exhibit B, Excerpt of Jury Trial; Testimony of
Melvena Espinosa, page 16, lines 3-7.

8.   The Plaintiff was holding his niece by her arms so she would not go to the women
who were taunting her when Defendant McGowan arrived on the scene.   Exhibit C, Excerpt of
Jury Trial; Testimony of Leroy Berry, page 13, lines 15-25.

9.    No physical contact occurred between the Plaintiff's niece and her tormentors before
or after Melvena Espinosa made her call to 911. Exhibit B, Excerpt of Jury Trial; Testimony of
Melvena Espinosa, page 16, lines 3-7.

10.   When Defendant McGowan arrived on the scene he walked to the place where the
Plaintiff and his niece were standing.

11.   Defendant McGowan took Alantra McDaniel from the Plaintiff and brought her to the
place where Melvena Espinosa was standing.   Defendant McGowan asked Melvena Espinosa to

2

keep an eye on her.

12.   Defendant McGowan went back to where the Plaintiff was standing and he seized the Plaintiff by his arms, violently putting handcuffs on him, and forcibly putting him in a Sheriff's car.

13.   Defendant McGowan did not tell the Plaintiff the reason he was arresting him as he threw him into a squad car.

14.   Defendant McGowan prepared an arrest affidavit and charged the Plaintiff with "battery on a fireman" pursuant to Florida Statute § 784.07(2)(b).   Exhibit D, Arrest Affidavit dated December 22, 2010.

15.   No fireman was in the vicinity of the place where the Plaintiff was standing when Defendant McGowan seized the Plaintiff.

16.   Defendant McGowan did not have probable cause to believe Berry committed the necessary elements of the crime of battery on a fireman or batter on a law enforcement officer when he seized and arrested Berry and charged him with battery on a fireman. Exhibit D.

17.   Defendant McGowan confined the Plaintiff in jail where he remained for about ten or twelve hours until he could arrange for a bail bondsmen to post a $5,000.00 bond on his behalf.

18.   On March 30, 2011, the jury returned a verdict of not guilty on the charge which Defendant McGowan filed against Berry.   Exhibit E, Judgment of Acquittal dated March 30, 2011 and Court Minutes/Order dated March 30, 2011.

19.   The Plaintiff timely filed this action against Defendant McGowan in the Circuit

Court, in and for Brevard County, Florida on December 12, 2014.

## COUNT I

**PLAINTIFF'S CLAIM AGAINST DEFENDANT
MCGOWAN FOR DAMAGES FOR ASSAULT**

20.   Berry re-alleges and incorporates herein paragraphs 1 through 19 above as if stated in this Count.

21.   As referred to above, Defendant McGowan seized and assaulted Berry when he knew or he reasonably should have known that he did not have any evidence whatsoever which would cause a reasonable law enforcement officer to believe he had probable cause to believe Berry committed the elements of the crime of battery on a fireman or battery on a law enforcement officer pursuant to Florida Statute § 784.07(2)(b).

22.   Since Defendant McGowan did not have evidence Berry committed a crime he falsely and maliciously arrested Berry and maliciously charged him with battery on a fireman (or unspecified charge of battery on a law enforcement officer) when he knew, or he should have known, he did not have evidence which would cause a reasonable law enforcement officer to believe Berry had committed the elements of this crime.   Exhibit D, Arrest Affidavit dated December 22, 2010.

23.   No reasonable law enforcement officer would have believed Defendant McGowan had probable cause to arrest Berry for battery on a fireman or battery on a law enforcement officer.

24.   Defendant McGowan unlawfully assaulted Berry when he violently seized him, put handcuffs tightly on his wrists and violently shoved him into a squad car causing Berry to fear said assault would, and it did, cause him physical pain and mental distress.

4

25.    Defendant McGowan denied Berry his freedom and denied Berry his protected rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States as referred to herein.

26.    Defendant McGowan, who is Caucasian, discriminated against Berry because Berry is African American of negroid race.

27.    Defendant McGowan used excessive and violent physical force on Berry when he violently seized him and violently threw him and his brother into the back of a police vehicle.

28.    Several eye witnesses testified in Berry's criminal trial that Berry did not make any hostile moves towards the Defendant.   See, Plaintiff's Motion for Summary Judgment, Exhibit A, Excerpt of Jury Trial; Testimony of Melvena Espinosa, page 10, lines 16-23; Exhibit E, Excerpt of Jury Trial; Testimony of Evelena Berry, page 10, lines 2-13; Exhibit F, Excerpt of Trial Testimony of Randy Brown, page 11, lines 18-25; page 12, 3-12; Exhibit G, Excerpt of Jury Trial; Testimony of Wendell Marshall, page 12, lines 3-14; and Exhibit H, Excerpt of Jury Trial; Testimony of Alantra McDaniel, page 10, lines 20-25.

29.    Defendant McGowan's violent physical mistreatment of Berry caused Berry fear, trepidation and humiliation and embarrassment as McGowan falsely arrested Berry in the presence of his family and friends when he had no evidence he had committed any crime.

30.    Defendant McGowan's aforementioned unlawful and torturous actions towards Berry caused Berry to have fear that he would suffer personal injuries, loss of income and incur expenses.

31.    Berry is petitioning this Court to award him all damages which he has sustained due to the aforementioned fear and trepidation as Defendant McGowan unlawfully assaulted him,

including punitive damages.

Wherefore, Berry demands judgment against McGowan for the assault which Defendant McGowan committed on him.   Berry seeks all damages and costs which he has sustained and which he will sustain in the future as a result of Defendant McGowan's unlawful assault upon him, including punitive damages and all costs and interest, and reasonable attorney's fees.

## COUNT II

## BERRY'S CLAIM AGAINST DEFENDANT MCGOWAN FOR BATTERY

32.     Paragraphs 1 - 31 above are incorporated herein.

33.     As a direct and proximate result of Defendant McGowan's aforementioned unreasonably hostile, intentionally abusive and physical mistreatment of Berry causing him to sustain damages from such conduct.

34.     Defendant McGowan did not have probable cause to believe Berry had committed any crime; nevertheless, Defendant McGowan unlawfully and unnecessarily physically attacked Berry and Defendant McGowan physically abused Berry as described herein as he unlawfully seized him and confined him in jail when he did not have lawful authority to do so, causing Berry to sustain the damages referred to herein.

35.     Defendant McGowan's aforementioned intentional misconduct caused Berry to experience fear, trepidation and pain which aggravated and exacerbated Berry's preexisting spinal condition.

36.     The unreasonable physical force which Defendant McGowan inflicted upon Berry was intentional and unnecessary and caused Berry physical pain and mental

distress in the past and Berry has and will incur in the future and expenses for treatment of said injuries.

37.     The charge of Battery on a Fireman which McGowan filed against Berry was false because Defendant McGowan knew, or he reasonably should have known as any reasonable law enforcement officer would have known under the same circumstances, he had no evidence and he had no facts which would give him probable cause to believe Berry had committed said crime.

Wherefore, Berry demands judgment against Defendant McGowan for all damages which McGowan caused Berry to sustain, and all related expenses Berry sustained in defending himself from the aforementioned unlawful arrest including, but not limited to, travel and lost wages and medical expenses.   Berry demands punitive damages for the Defendant's intentional assault on him which caused him pain and physical injuries which are permanent and all other damages and remedies which are available to him under the law, including costs and reasonable attorney's fees if permitted.

## COUNT III

## BERRY'S CLAIM AGAINST DEFENDANT MCGOWAN FOR FALSE ARREST

38.     Paragraphs 1 - 37 above are incorporated in this count.

39.     As described above, Defendant McGowan unlawfully and unreasonably arrested Berry on the false charge of Battery on a Fireman when he did not have probable cause to believe Berry committed said crime and Defendant McGowan unlawfully used

7

excessive force on Berry when he physically seized him and confined him in jail while he was unlawfully arresting him.

40.     Defendant McGowan unlawfully arrested Berry and McGowan caused Berry to be prosecuted for the crime of battery on a fireman which he knew, or he reasonably should have known, he had no evidence which would prove Berry committed said crime.   Exhibit G, Statute § 784.07(2)(b).

41.   Defendant McGowan falsely arrested Berry and falsely charged Berry with committing the crime of battery on a fireman when he had no evidence Berry committed the elements of said crime which would give him probable cause to believe Berry committed said crime.

42.     Defendant McGowan abused his power, authority and discretion under Florida law as a law enforcement officer and as a deputy of the Sheriff of Brevard County when he arrested Berry, jailed him and caused him to be prosecuted for the crime of Battery on a Fireman (or battery on a law enforcement officer) although he had no evidence to prove Berry committed said crime.

Wherefore, Berry demands judgment against McGowan for all damages which Defendant McGowan caused him to sustain as a result of his aforementioned unlawful seizure and false arrest of Berry, including damages for Berry's pain and suffering, emotional distress, past and future medical expenses and the costs of defending himself in a trial on said false charges and including the cost of these proceedings, including punitive damages and such other damages as are deemed recoverable by the Plaintiff

8

under the law.

## COUNT IV

## CLAIM AGAINST DEFENDANT McGOWAN FOR
## VIOLATION OF BERRY'S CONSTITUTIONAL RIGHTS

43.    Berry re-alleges and incorporates herein paragraphs 1 - 42 above as if fully

set forth herein.

44.    As Sheriff of Brevard County, Florida, Defendant Wayne Ivey is liable for

Berry's damages which Berry sustained while Defendant McGowan was acting as a

deputy under the authority of the Sheriff for Brevard County as he violated the laws of

the State of Florida and the laws of the United States when he unlawfully seized Berry

and when he unlawfully arrested Berry without probable cause to believe he committed

the crime he charged him with committing while he was acting as a deputy sheriff

appointed to act for and on behalf of the Sheriff of Brevard County, Florida.

45.    While Defendant McGowan was acting as a deputy for the Sheriff of

Brevard County he falsely arrested Berry and falsely charged Berry with battery on a

fireman without probable cause to believe Berry committed said crime.

46.    Defendant McGowan was not sufficiently trained by the Sheriff of Brevard

County to know he had to have evidence which would give him probable cause to believe

Berry committed the element of the criminal statute which he charged Berry with

committing before he had the legal authority to seize and arrest him.

47.    Defendant Ivey is liable to the Plaintiff for the fact deputy McGowan

9

unlawfully violated the Plaintiff's constitutional rights when he arrested Berry when he did not have probable cause to believe Berry committed the crime of battery on a fireman or battery on a law enforcement officer which he falsely charged Berry with committing.

48.     McGowan's aforementioned intentionally abusive conduct toward Berry, shows that McGowan was not sufficiently trained by the Sheriff of Brevard County, Florida.

49.     Berry's constitutional rights were violated by Defendant McGowan while he was acting as a deputy in Brevard County, Florida in violation of Berry's constitutional rights and his rights to due process of law as described herein.

50.     Defendant Ivey and his predecessor, Sheriff Jack Parker, failed to adequately train and failed to sufficiently supervise and failed to discipline Defendant McGowan regarding his conduct in failing to determine that he had facts he could prove which would give him probable cause to believe he had evidence to arrest the Plaintiff for the crime of battery on a fireman or battery on a policeman.

51.     As a proximate result of the aforementioned negligent failure of the Defendant Ivey and his predecessor to properly train Defendant McGowan, Defendant McGowan incorrectly and mistakenly believed he had the power and he had the authority to arrest Berry for battery on a fireman or a policeman even though Defendant McGowan knew, or he reasonably should have known, as any reasonable law enforcement officer would have known under the facts before him that he did not have evidence to prove Berry committed the element of the crime of battery on a fireman or battery on a policeman.   Such insufficient and inadequate training of the deputy caused him to violate Berry's constitutional rights and caused Berry to

sustain the damages referred to herein.

52.     The Sheriff under whom McGowan served negligently and irresponsibly failed to monitor and failed to adequately train McGowan regarding the necessity of a law enforcement officer to have probable cause to believe the accused committed the elements of the crime before he had the lawful authority to arrest a citizen.

53.     The Sheriff under whom McGowan served did not discipline Defendant McGowan for violation of Berry's constitutional rights as described herein after it became evident or it should have become evident to the Sheriff that McGowan violated Berry's legal and constitutional rights.

54.     The Sheriff for whom Defendant McGowan was a deputy allowed and permitted a pattern, practice, and a defacto policy to exist which caused Defendant McGowan not to understand and not to know and not to appreciate the fact that all citizens, including African-American men, such as the Plaintiff, are entitled to due process of law under the Constitution of the United States and that a deputy does not have the authority to arrest a citizen when he does not have probable cause to believe he has evidence which would prove the citizen committed the elements of the criminal statute which he charged him with violating.

55.     Defendant McGowan falsely stated in his probable cause arrest affidavit that the Plaintiff violated Florida Statute § 784.07(2)(b) which states:

> "Firefighter is any person employed by any public employer
> of this state whose duty it is to extinguish fires; to protect life
> and property; or to enforce municipal, county and state fire
> prevention codes, as well as any law pertaining to the prevention
> and control of fires.

56.     Defendant McGowan forcefully seized Berry without informing him of the crime

11

he was being charged with committing, and Defendant McGowan put handcuffs on Berry, and put Berry in a squad car and confined him in the Brevard County jail when he did not have probable cause to believe Berry had committed any crime.

57.     For each of the aforementioned reasons, Ivey is liable to Berry for all damages which Berry has sustained and which he will sustain, including violations of Berry's constitutional rights while McGowan was acting as a duly appointed deputy of the Sheriff of Brevard County, Florida.

Wherefore, Berry demands judgment against Defendant Ivey for all damages to which he is entitled under the law, including his costs in defending himself against the charges Deputy McGowan filed against him and his cost of pursuing this action, the costs of an expert witness and attorney's fees and all damages Berry has incurred in defending himself in criminal court and all damages which Berry has referred to in all the above counts, including all damages to which he is entilted pursuant to federal law, including his legal fees and costs of this action pursuant to federal law and Berry demands punitive damages.

s/Jack B. Nichols
Jack B. Nichols, Esquire
Florida Bar No.: 095141
Jack B. Nichols, P.A.
207 O'Brien Road, Suite 111
Fern Park, FL 32730
(407) 841-8823
jacknicholslawq@live.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that, on January 14, 2016 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will serve a copy on Thomas W. Poulton, Esq. and Jeffrey K. Grant, Esq., DeBevoise & Poulton, P.A., Lakeview Office Park, Suite 1010, 1035 S. Semoran Blvd., Winter Park, FL 32792 and by e-mail to

poulton@debevoisepoulton.com and grant@debevoisepoulton.com.

s/Jack B. Nichols
Jack B. Nichols